Ishfaq v. Garland

BIA
Christensen, IJ
A208 017 943

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> *Circuit Judges.*

_____

MUHAMMAD NADEEM ISHFAQ,
> *Petitioner*,

> v.                                                          **22-6227**
>                                                             NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Mitchell Zwaik, Esq., Zwaik, Gilbert & Associates, Ronkonkoma, NY.

**FOR RESPONDENT:**      Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Muhammad Nadeem Ishfaq, a native and citizen of Pakistan, seeks review of an April 11, 2022, decision of the BIA affirming a May 16, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Muhammad Nadeem Ishfaq*, No. A208 017 943 (B.I.A. Apr. 11, 2019), *aff'g* No. A208 017 943 (Immig. Ct. N.Y. City May 16, 2019).  We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and BIA's

---

[1] Any issues relating to the agency's denial of CAT relief have been waived because petitioner did not raise arguments regarding these applications in his brief.  *See Debique2- v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief." (citation omitted)).

opinions "for the sake of completeness." *Wangchuk v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant has the burden to demonstrate past persecution or a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" inflicted by either the government or by private parties if the government is "unable or unwilling to control such actions." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) (quotation marks omitted); *see also Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (applying unwilling-or-unable-to-control standard to withholding of removal); 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(a). Under the unwilling-or-unable standard, "a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks and citation

3

omitted).

The agency applied the correct legal standard in determining Ishfaq did not meet his burden in proving the Pakistani government was unable or unwilling to protect him. Ishfaq argues that the BIA erred by citing our decision in *Scarlett v. Barr*, 957 F.3d 316 (2d Cir. 2020), for the notion that an applicant must show the government condoned the actions or demonstrated a complete helplessness to protect the victim. But this argument is misplaced because in *Scarlett* we rejected the argument that this "complete helplessness" standard was a "new" or "heightened" requirement. *See* 957 F.3d at 33 ("It is not new."). Moreover, even after *Matter of A-B*, 27 I. & N. Dec. 316 (B.I.A. 2018) ("*A-B-I*"), was vacated, we have continued to apply this standard, which other circuits had imposed prior to *A–B–I*. *See Singh*, 11 F.4th at 114–15 (quoting *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000)).

The agency did not err in determining that Ishfaq failed to prove Pakistani authorities are unable or unwilling to protect him. *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely."). While evidence "that the police had taken no action beyond writing a

4

report" could be sufficient to meet the unable-or-unwilling standard, Ishfaq's testimony shows police did more than just take a report from him. *Aliyev v. Mukasey*, 549 F.3d 111, 119 (2d Cir. 2008) (quotation marks omitted); *accord Matter of O–Z & I–Z*, 22 I. & N. Dec. 23, 26 (B.I.A. 1998). Police interviewed him, took a report, visited the scene of the crime to investigate, and, when Ishfaq followed up, they informed him they were still looking into his case.

Ishfaq points to country conditions evidence showing police corruption, but this is insufficient to meet his burden. *See Singh*, 11 F.4th at 116–17 ("General country-conditions evidence does not on its own compel the conclusion that an individual will be persecuted[.]"). While Ishfaq testified that police asked him for money, there is no evidence supporting his assertion in his brief that police "were unwilling to investigate his attack unless they were paid a bribe." Petitioner's Br. at 20. Ishfaq did not testify to paying the police money, yet they still spent time and resources investigating his claim by interviewing him, taking a report, and visiting the crime scene to investigate. The lack of specific evidence showing that police would not protect Ishfaq supports the agency's denial of his asylum and withholding of removal claim. *See Singh*, 11 F.4th at 117 ("Asylum and other forms of immigration relief are individual remedies designed to avoid persecution

5

inflicted on particular persons."); *see also Quintanilla Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather it requires us to ask only whether record evidence compelled a . . . finding different from that reached by the agency.").

For the foregoing reasons, the petition for review is **DENIED**.  All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court